## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**ANTHONY D. WHITE**                                                                 **PETITIONER**

**VS.**                              **CASE NO. 5:10CV00070 JMM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                              **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Anthony D. White, an inmate in the custody of the Arkansas Department of Correction (ADC), seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. After a jury trial in Grant County Circuit Court, Mr. White was convicted and sentenced to 110 years in the ADC as an habitual offender and for possession of cocaine, simultaneous possession of drugs and firearms, and possession of a firearm by a felon. A direct appeal[1] was unsuccessful. *White v. State*, No. CACR 06-799 slip op. (Ark. Ct. App. Apr. 25, 2007). Mr. White then sought Rule 37 relief, alleging his trial counsel was ineffective. The trial court denied the Rule 37 petition, and the denial was affirmed on appeal. *White v. State*, 2009 Ark. 225 (unpublished per curiam).

In his current petition, Mr. White advances the following claims for relief:

1. Trial counsel was ineffective for failing to challenge the circuit court's jurisdiction based on the State's failure to first try him on misdemeanor traffic offenses in district court;

2. Trial counsel was ineffective for failing to adequately or properly investigate alleged defective record keeping on the part of law enforcement and the possibility that the charging officer could have committed perjury;

3. The imposition of consecutive sentences violated the Double Jeopardy Clause;

---

[1] On direct appeal, Mr. White argued the trial court erred by: refusing to suppress evidence obtained during the search of his car; refusing to suppress statements recorded by a video camera in a police vehicle; denying his motion for continuance; and denying his motion for directed verdict.

    4.       Petitioner's habitual offender enhancements rested upon a prior conviction that was later reversed and dismissed, thereby violating his due process rights; and

    5.       Trial counsel was ineffective for failing to challenge the arresting officer's testimony about when he found the weapon in the vehicle and failing to challenge the inventory search of the vehicle.

The respondent contends that ground four is not properly before this Court due to the petitioner's failure to adequately raise this ground in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, respondent argues that the Arkansas Supreme Court, on direct appeal of the Rule 37 petition, correctly found that the petitioner failed to obtain a ruling on this ground and therefore the ground could not be considered on appeal. By previous Order, the petitioner was notified of his opportunity to explain why ground four should not be dismissed as procedurally barred. He has filed a responsive pleading. We will first address whether ground four is subject to procedural default, then address the claims of Mr. White.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d 1241, 1250-51 (8th Cir. 1987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. 1987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488;

second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

We first note that the respondent urges that the petitioner received no ruling on ground four in state court and, as a result, this ground is not properly before the Court. A review of the state court pleadings and proceedings shows that the trial court, in its Rule 37 opinion, did not address the petitioner's claim now raised as ground four – namely, that his habitual offender enhancements rested upon a prior conviction that was later reversed and dismissed, thereby violating his due process rights. See Docket entry no. 10, pages 6-7. The Arkansas Supreme Court was correct, then, when it held that Mr. White "failed to receive a ruling as to that issue" in the trial court's Rule 37 opinion. *White v. State*, 2009 WL 1098758 (Ark. April 23, 2009).

In his explanatory pleading, Mr. White does not establish cause and prejudice for failing to properly advance this claim in state court. As a result, we find ground four is procedurally barred, and recommend that the ground be dismissed on that basis.

Even if we were to assume ground four was not barred[2], the petitioner does not show the ground has any merit. He argues that his habitual offender status resulted in a longer sentence and this status should not have been conferred on him because one of his previous felonies was reversed and dismissed by the Arkansas Supreme Court. The record shows that Mr. White was charged with having been convicted of "two or more felonies." See Amended Information, page 11, Respondent's Exhibit A. During the sentencing phase, evidence was adduced of three prior felonies – robbery in 1993, second degree murder in 1995, and drug offenses in 2004. Even if we assume Mr. White is

---

[2]The petitioner raised ground four in his Rule 37 petition. See Respondent's Exhibit E1, Addendum page 4. The trial court appears to have addressed all other claims raised in the Rule 37 petition.

correct that the drug offenses were reversed and dismissed, his own testimony supports two prior felonies that form the foundation for his habitual offender status. There is no merit to petitioner's ground four.

We now address the remaining grounds, which include three instances of alleged ineffective assistance of counsel (grounds one, two, and five). All three of these allegations were raised in Mr. White's Rule 37 petition, addressed and dismissed by the trial court, and affirmed by the Arkansas Supreme Court on appeal. The Arkansas Supreme Court held:

> Appellant's first three points allege ineffective assistance of counsel. In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and based on the totality of the evidence, the trial court clearly erred in holding that counsel's performance was not ineffective. *Small,* 371 Ark. at 250, 264 S.W.3d at 515. Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that this deficient performance prejudiced his defense through a showing that petitioner was deprived of a fair trial. *Walker v. State,* 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam).
>
> Each of appellant's claims of ineffective assistance fails because appellant does not demonstrate that, had trial counsel not committed the alleged error, had he raised the objections or conducted an investigation as appellant asserts counsel failed to do, any prejudice would have resulted. Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *State v. Barrett,* 371 Ark. 91, 263 S.W.3d 542 (2007). Appellant must have alleged in the petition that counsel should have presented meritorious objections, because counsel is not ineffective for failing to make an argument that is meritless. *Camargo v. State,* 346 Ark. 118, 55 S.W.3d 255 (2001). Counsel is presumed effective and allegations without factual substantiation are insufficient to overcome that presumption. *Nelson v. State,* 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam).
>
> Appellant's first claim of ineffective assistance alleged that counsel did not move to suppress the evidence on the basis that appellant had not been tried on charges of speeding and driving on a suspended license. Appellant asserted in his petition that counsel should have made an argument for suppression based upon a theory that the traffic stop was pretextual and without probable cause because appellant would not have been found guilty if tried on the traffic charges. Whether a police officer has probable cause to make a traffic stop does not depend on whether the driver was actually guilty of the violation which the officer believed to have occurred. *Stokes v. State,* --- Ark. ----, --- S.W.3d ---- (Jan. 22, 2009). Appellant's proposed argument for suppression was without merit.
>
> For similar reasons, appellant's second argument fails. Had counsel investigated

5

> the allegedly defective record keeping concerning appellant's suspended license, any evidence produced would not have affected the outcome of the suppression hearing because the accuracy of that information had no bearing upon the issue of probable cause for the traffic stop. Appellant's petition failed to set forth factual substantiation to demonstrate prejudice.
>
> In appellant's third claim of ineffective assistance, he again failed to demonstrate prejudice because he did not identify a basis upon which counsel might have successfully challenged the inventory search. Although appellant contends the search was conducted on the basis of his consent and argues the search should only have been conducted at the site of his arrest, he admits that the testimony was that the search was conducted as an inventory search following appellant's arrest by the officer at the wrecking yard where appellant's car was towed. Appellant asserts that had counsel been aware that the search was conducted after his arrest, he could have sought to suppress the evidence discovered. But, a police officer may conduct a warrantless inventory search of a vehicle that is being impounded in order to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger. *Benson v. State,* 342 Ark. 684, 30 S.W.3d 731 (2000). Appellant's petition did not identify a meritorious basis upon which counsel might have challenged the inventory search.

*White v. State*, 2009 WL 1098758, 1 -2 (Ark.,2009)

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court."  28 U.S.C. § 2254(d)(1), (2).  The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."  A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

Initially, the petitioner does not point to any "Federal law, as determined by the Supreme

Court," that was violated by the state court rulings on these grounds. The controlling Supreme Court case on the issue of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984), and the petitioner does not suggest the *Strickland* case to have been weakened or reversed by a subsequent case. The state appellate court cited and applied *Strickland*, and there is no showing that the state court decision was contrary to or an unreasonable application of that case.

We must also consider if the state court decision was based on an unreasonable determination of the facts in light of the evidence adduced in state court. We have carefully reviewed the trial transcript, and find the state court decision is supported by ample evidence. The record shows trial counsel was faced with the daunting task of representing a client with previous felonies who was stopped while driving 71 in a 55 speed zone. When stopped, he did not produce a valid driver's license. He then consented to a search of his vehicle, and the search yielded marijuana, cocaine, and a weapon. He attempted to flee the officers and was detained after being subdued with pepper spray. Some of the events were captured on audio and video tape. The prosecuting attorney did not offer a reduced sentence in exchange for a guilty plea, despite entreaties from White's counsel. Faced with this assignment, White's trial attorney attempted without success to undermine the state's witnesses on cross examination. White did not testify during the guilt phase, avoiding the introduction of the prior felony convictions into the record. Our review of the transcript persuades us that trial counsel did not act unreasonably, given the hand he was dealt. Thus, we find the state court decision regarding ineffective assistance of counsel was correct. It follows that such a decision was not unreasonable in light of the evidence presented in state court, and it also follows that grounds one, two, and five are without merit.

The final claim of Mr. White, ground three, is his assertion that the imposition of consecutive sentences violated the Double Jeopardy Clause. This allegation was addressed in Mr. White's appeal of his Rule 37 petition:

> Next, appellant asserts error because the trial court did not find his consecutive sentences violated the prohibition against double jeopardy. Appellant concedes that he could be convicted of all three charges, but argues that to run the sentences consecutively rather than concurrently violates the prohibition against double jeopardy because the charges have an element in common. The imposition of consecutive sentences, however, does not place a defendant in double jeopardy. *Conley v. State,* 270 Ark. 886, 607 S.W.2d 328 (1980).

*White v. State*, 2009 WL 1098758, 3 (Ark.) (Ark.,2009).

As with grounds one, two, and five, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The petitioner again fails to establish that the state court decision was contrary to or an unreasonable application of the prevailing law, or that the decision was based on an unreasonable determination of the facts in light of the evidence produced in state court. To the contrary, the state courts' decision regarding double jeopardy is correct.

In summary, the fourth ground raised by Mr. White was not addressed by the state courts and therefore is procedurally barred. Even if we were to excuse Mr. White for failing to obtain a ruling on ground four, the ground is without merit. The remaining grounds are also without merit. As a result, we recommend that the petition for writ of habeas corpus be dismissed with prejudice and the relief requested be denied.

IT IS SO ORDERED this __14__ day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE